UINTED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
At White Plains

-----------------------------------------------x

CHRIS RYDER, an individual:          CASE NO. CV:<u>12-cv-6875 (CS)</u>

**Plaintiff**

VS.                                                          <u>MOTION IN
                                                             OPPOSITION
                                                             TO DEFENDANT
TRUE VALUE HARDWARE, INC (#1)                                WIN LUX MOTION
And:                                                         DISMISS THE
TRUE VALUE HARDWARE COMPANY, NATIONAL (#2)                   PLAINTIFF'S
And;                                                         CLAIM</u>
LUX PRODUCTS, INC (#3)
And;
VILLAGE HARDWARE, INC (#4)
And;
C.P.C. LOGISTICS, INC[1] (#5)
And;
ORBIT/EME MANUFACTURING, INC[2] (#6)
And;
PENSKE TRUCK LEASING, INC (#7)
And;
MICROCHIP TECHNOLOGY, INC (#8)
And;
TRUE VALUE DISTRIBUTION, INC (#9)

**Defendants**
-----------------------------------------------x

    Defendant WIN LUX Products, Inc. did file with this Court a <u>Cross Claim</u> on or about October 4 , 2012 wherein this Defendant seeks dismissal of the Plaintiff's claim, asking the Court for among other things, Judgment of Dismissal

---

[1] Consolidated Personnel Corporation
[2] Edwin McAuley Electronics Limited (EME)

1

and Costs and Disbursements relative to the Defendant Win Lux being listed as a Defendant party to the action in the instant case.

The Defendant's motion is defective for a range of reasons.

First: this Court has not even had the opportunity to review the complaint according to verbal verification from the courtroom deputy as of October 10, 2102.

Next, the complaint is very carefully and factually articulated and the Plaintiff's position is that Win Lux has a very high degree of culpability in this loss to the Plaintiff and that loss is carefully documented by scientific evidence, photographic evidence and other expert evidentiary materials.

Further, Defendant Win Lux, in its Motion for Cross Claim, has engaged in 'cherry-picking' the cross-claim defendants and has contrary to the evidence and contrary to the canons of product liability law, 'chosen' to leave out its several most likely and viable co-defendants, that of True Value Corporate, True Value Village Hardware and True Value Distribution.

Given this calculated and apparently mis-guided 'oversight' by this Defendant, it raises the question collusion amongst that group of Defendants left out of the cross-claim- one this Court should ask: Is whether the excluded co-defendants from the cross-claim possess the exact information needed to prove damages at trial.

For these and other reasons, Plaintiff requests that this Court deny any request by this primary Defendant for the portion of the Defendant's Motion seeking its motion to dismiss that is co-mingled with the cross-claim.


Dated this 12th[h] day of October 2012, Cambridge, Massachusetts

*[signature]*

Chris Ryder, Pro Per

Box 4702

Glenville, Conn 06831

2

Ph: 202-489-9292

Fax: 202-318-4050

X9000@usa.com

Certification:

I hereby certify that a true and accurate copy of this Motion in Opposition was mailed, U.S. Postal surface mail, first class, postage prepaid to:

SHAFER GLAZER, LLP

90 John Street, Suite 701

New York, NY 10038

On October 11, 2012 with Certificate of Mailing

*[signature]*

Pro se/ Pro per