# UINTED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
### At White Plains

-------------------------------------------------x

**CHRIS RYDER, an individual:**　　　　**CASE NO. CV:12-cv-6875 (CS)**


　　　　　　　**Plaintiff**

**VS.**

**TRUE VALUE HARDWARE, INC (#1)**
And:
**TRUE VALUE HARDWARE COMPANY, NATIONAL (#2)**
And;
**LUX PRODUCTS, INC (#3)**
And;
**VILLAGE HARDWARE, INC (#4)**
And;
**C.P.C. LOGISTICS, INC[1] (#5)**
And;
**ORBIT/EME MANUFACTURING, INC[2] (#6)**
And;
**PENSKE TRUCK LEASING, INC (#7)**
And;
**MICROCHIP TECHNOLOGY, INC (#8)**
And;
**TRUE VALUE DISTRIBUTION, INC (#9)**

　　　　　**Defendants**

**MOTION IN OPPOSITION TO DEFENDANT WIN LUX MOTION TO DISMISS AND CROSS-CLAIM EME(NEVADA)**

-------------------------------------------------x

　　　Defendant WIN LUX Products, Inc. did file with this Court a <u>Cross Claim</u> and a consolidated 'Motion to Dismiss on or about October 4, 2012 wherein this Defendant seeks dismissal of the Plaintiff's claim, and requests that this Court

---

[1] Consolidated Personnel Corporation
[2] Edwin McAuley Electronics Limited (EME)

implead EME  NEVADA Inc. into its cross-claim. Counsel for EME, Nevada has requested and been supplied with a stipulation by the Plaintiff to Substitute Parties, removing in part, Orbit/EME Manufacturing and replacing it with EME, Nevada. Counsel for EME, Nevada (as substituted party) will file that stipulation by separate Motion. Plaintiff does not oppose such substitution.

However, now Defendant Win Lux requests that this Court issue an order of dismissal of the Plaintiff's claim and complaint as part of Defendant Win Lux's request to Cross-Claim EME, Nevada. The Motion of October 4th, 2012 by Win Lux makes no logical sense as it applies to the Plaintiff.

Asking the Court for among other things, Judgment of Dismissal and Costs and Disbursements relative to the Defendant Win Lux being listed as a Defendant party to the action in the instant case has little merit and defies the logic of seeking a collateral and contemporaneous cross-claim.

The Defendant's motion is defective for a range of reasons. First: this Court has not even had the opportunity to review the complaint according to verbal verification from the courtroom deputy as of October 10, 2102.

Next, the complaint is very carefully and factually articulated and the Plaintiff's position is that Win Lux has a very high degree of culpability in this loss to the Plaintiff and that loss is carefully documented by scientific evidence, photographic evidence and other expert evidentiary materials.

For these and other reasons, Plaintiff requests that this Court deny any request by this primary Defendant for the portion of the Defendant's Motion seeking its motion to dismiss that is co-mingled with the cross-claim of the substituted party.

Dated this 12thh day of October 2012, Cambridge, Massachusetts

Chris Ryder, Pro Per

2

Box 4702

Glenville, Conn 06831

Ph: 202-489-9292

Fax: 202-318-4050

X9000@usa.com

**Certification:**

**I hereby certify that a true and accurate copy of this Motion in Opposition was mailed, U.S. Postal surface mail, first class, postage prepaid to:**

**SHAFER  GLAZER, LLP**

**90 John Street, Suite 701**

**New York, NY  10038**

**On October 11, 2012 with Certificate of Mailing**

**Pro se/ Pro per**