UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CHRIS RYDER,                                    **VERIFIED ANSWER**

                        Plaintiff,         Docket No.: 12-cv-06875-CS

      -against-

TRUE VALUE HARDWARE, INC., TRUE VALUE
HARDWARE COMPANY, NATIONAL, LUX
PRODUCTS, INC., VILLAGE HARDWARE, INC.,
C.P.C. LOGISTICS, INC., EME NEVADA, INC.,
PENSKE TRUCK LEASING, INC., MICROCHIP
TECHNOLOGY, INC. AND TRUE VALUE
DISTRIBUTION, INC.,

                        Defendants.
------------------------------------------------------------------ X

      The defendant, **EME NEVADA, INC.**, by its attorneys, **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.**, answering the Complaint of the plaintiff herein, respectfully alleges upon information and belief:

### A. INTRODUCTION

### Parties

### Jurisdiction

### Venue

### Prefatory

    1.    Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Complaint designated as follows:

"1"

    2.    Denies each and every allegation contained in the paragraph of the Complaint designated as follows:

{NY160447.1}

"2"

## Venue and Lawful Jurisdiction

3. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the Complaint designated as follows:

"3" AND "4"

and respectfully refers all questions of law raised therein to the trial court but admit defendant, **EME NEVADA, INC.**, is a Nevada corporation.

4. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the Complaint designated as follows:

"5", "6" AND "7"

and respectfully refers all questions of law raised therein to the trial court.

5. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Complaint designated as follows:

"8"

## GENERAL FACTUAL ALLEGATIONS

6. In response to paragraph "9" of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to paragraph "1" through "8" of the Complaint heretofore made with the same force and effect as if fully set forth at length herein.

7. Denies each and every allegation contained in the paragraph of the Complaint designated as follows:

**"10"**

except admits defendant, **EME NEVADA, INC.**, contracts to provide the product in question to LUX PRODUCTS, INC..

8.  In response to paragraph **"11"** of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to paragraph **"1"** through **"10"** of the Complaint heretofore made with the same force and effect as if fully set forth at length herein.

9.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Complaint designated as follows:

**"12"**

and specifically states the product was not designed for the use contemplated by plaintiff.

10. In response to paragraph **"13"** of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to paragraph **"1"** through **"12"** of the Complaint heretofore made with the same force and effect as if fully set forth at length herein.

11. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraphs of the Complaint designated as follows:

**"14", "15", "16", "17", "18", "20", "21", "22", "23", "24", "26" AND "29"**

12. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Complaint designated as follows:

**"19"**

and specifically states the unit does not have a history of failing when used for appropriate purposes.

13. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Complaint designated as follows:

**"25"**

and denies the validity of the conclusion of the laboratory test referred to.

14. Denies each and every allegation contained in the paragraph of the Complaint designated as follows:

**"27"**

15. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Complaint designated as follows:

**"28"**

and denies Sentry Insurance is the insurer of the answering defendant.

16. In response to paragraph **"30"** of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to paragraph **"1"** through **"29"** of the Complaint heretofore made with the same force and effect as if fully set forth at length herein.

**CAUSES OF ACTION**

17. Denies each and every allegation contained in the paragraphs of the Complaint designated as follows:

**"31", "32", "34", "35" AND "36"**

18. Denies each and every allegation contained in the paragraph of the Complaint designated as follows:

"33"

and specifically states the plaintiff used the product for an unintended and unexpected purpose.

19.     In response to paragraph **"37"** of plaintiff's Complaint, defendant repeats, reiterates and realleges each and every response to paragraph **"1"** through **"36"** of the Complaint heretofore made with the same force and effect as if fully set forth at length herein.

20.     Denies each and every allegation contained in the paragraphs of the Complaint designated as follows:

"38" AND SECOND PARAGRAPH NUMBERED "38"

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

21.     That any damages, injury and/or injuries sustained by plaintiff was caused in whole or part by the culpable conduct and fault attributable to the plaintiff, including, but not limited to, contributory negligence and/or want of care, and/or the plaintiff assumption of the risk, and the amount recovered, if any, should be diminished pursuant to CPLR 1412 by the proportion which the culpable conduct attributed to the plaintiff bear to the culpable conduct which caused the damages, if any.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE:

22.     That any award recovered by plaintiff must be reduced by the receipt of collateral source payments.

## AS AND FOR A THIRD SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE:

23. The liability of this answering defendant is limited by law under the terms of Article Sixteen of the CPLR.

## AS AND FOR A FOURTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE:

24. The plaintiff used the subject product for an unintended and unexpected purpose.

**WHEREFORE**, defendant, **EME NEVADA, INC.**, demands judgment against the plaintiff as follows:

(a) dismissing plaintiff's Complaint, together with the costs and disbursements of this action; and

(b) in the alternative, and in the event that plaintiff prevails, the defendant, **EME NEVADA, INC.**, demands judgment determining the respective percentages of fault on the part of the plaintiff, thereby reducing the amount of damages as against the defendant, **EME NEVADA, INC.**, by the respective percentage of fault of the plaintiff.

Dated: Elmsford, New York
October 31, 2012

By: _____
James M. Skelly (JMS/4844)

**MARKS, O'NEILL, O'BRIEN
& COURTNEY, P.C.**
Attorneys for Defendant
**EME NEVADA, INC.**
530 Saw Mill River Road
Elmsford, New York  10523
(914) 345-3701
File No.:  447.94520

{NY160447.1}                              6

**TO:**

Chris Ryder - *Plaintiff Pro Se*
Box 4702
Glenville, Connecticut 06831
(787) 587-7211

David A. Glazer, Esq.
**SHAFER GLAZER, LLP**
Attorneys for Defendant
**LUX PRODUCTS, INC**
90 John Street - Suite 701
New York, New York 10038-3202
(212) 267-0011
File No.: 229-00132

Tonia Maria Ouellette Klausner, Esq.
**WILSON SONSINI GOODRICH & ROSATI**
Attorneys for Defendant
**MICROCHIP TECHNOLOGY, INC**
1301 Avenue of The Americas - 40th Floor
New York, New York 10019-6022
(212)-999-5800

Beth Dana Simon, Esq.
**ANDERSON KILL & OLICK, P.C.**
Attorneys for Defendant
**TRUE VALUE COMPANY**
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

**TRUE VALUE HARDWARE, INC.**
488 Mamaroneck Avenue
White Plains, New York
*Defendant Not Yet Answered*

**TRUE VALUE HARDWARE COMPANY, NATIONAL**
8600 W. Bryn Mawr Avenue
Chicago, IL
*Defendant Not Yet Answered*

**VILLAGE HARDWARE, INC**
32 Newtown Lane
E. Hampton, New York
*Defendant Not Yet Answered*

**C.P.C. LOGISTICS, INC**
100 Tower Drive
Burr Ridge, IL
*Defendant Not Yet Answered*

**PENSKE TRUCK LEASING, INC**
Rt 10 Green Hills
Reading, PA
*Defendant Not Yet Answered*

**TRUE VALUE DISTRIBUTION, INC**
7058 Snowdrift Road
Allentown, PA 18106
*Defendant Not Yet Answered*

**ORBIT/EME MANUFACTURING, INC**
*Terminated via Stipulation on 10/11/12*

## ATTORNEY VERIFICATION

The undersigned, under the penalties of perjury, affirms:

That he is **JAMES M. SKELLY,** a member of the firm of **MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.,** that he has read the foregoing papers and the same are true to his knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, he believes them to be true; that the grounds and sources of such belief are matters contained in this firm's file, as well as conferences had between this affirmant and representatives of the defendant; and that the reason this affirmation is not made by the party is that said party is not in the county where affirmant has his office.

Dated: Elmsford, New York
October 31, 2012

_____
**JAMES M. SKELLY (JMS/4844)**

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK            )
                             : ss.:
COUNTY OF WESTCHESTER        )

MARTHA AGIS, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides in Pearl River, New York.

On the 1st day of November, 2012 deponent served the within **VERIFIED ANSWER** upon the parties herein stated below, by depositing and mailing same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York, at the following addresses:

TO:

Chris Ryder - *Plaintiff Pro Se*
Box 4702
Glenville, Connecticut 06831
(787) 587-7211

David A. Glazer, Esq.
**SHAFER GLAZER, LLP**
Attorneys for Defendant
**LUX PRODUCTS, INC**
90 John Street - Suite 701
New York, New York 10038-3202
(212) 267-0011
File No.: 229-00132

Tonia Maria Ouellette Klausner, Esq.
**WILSON SONSINI GOODRICH & ROSATI**
Attorneys for Defendant
**MICROCHIP TECHNOLOGY, INC**
1301 Avenue of The Americas - 40th Floor
New York, New York 10019-6022
(212)-999-5800

Beth Dana Simon, Esq.
**ANDERSON KILL & OLICK, P.C.**
Attorneys for Defendant
**TRUE VALUE COMPANY**
1251 Avenue of the Americas
New York, New York 10020
(212) 278-1000

{NY160447.1}

**TRUE VALUE HARDWARE, INC.**
488 Mamaroneck Avenue
White Plains, New York
*Defendant Not Yet Answered*

**TRUE VALUE HARDWARE COMPANY, NATIONAL**
8600 W. Bryn Mawr Avenue
Chicago, IL
*Defendant Not Yet Answered*

**VILLAGE HARDWARE, INC**
32 Newtown Lane
E. Hampton, New York
*Defendant Not Yet Answered*

**C.P.C. LOGISTICS, INC**
100 Tower Drive
Burr Ridge, IL
*Defendant Not Yet Answered*

**PENSKE TRUCK LEASING, INC**
Rt 10 Green Hills
Reading, PA
*Defendant Not Yet Answered*

**TRUE VALUE DISTRIBUTION, INC**
7058 Snowdrift Road
Allentown, PA 18106
*Defendant Not Yet Answered*

**ORBIT/EME MANUFACTURING, INC**
*Terminated via Stipulation on 10/11/12*

_____
MARTHA AGIS

Sworn to before me on the
1st day of November, 2012

*[signature]*
NOTARY PUBLIC

DONNA M. SANTANIELLO
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN PUTNAM COUNTY
MY COMMISSION EXP. JULY 27, 2013
01SA4896839