# SHAFER GLAZER, LLP

*Attorneys at Law*  Your House Counsel®
MEMBER FIRM

90 John Street                                                          82 N. Summit Street
Suite 701                                                               W. Wing, 2nd Fl.
New York, NY 10038-3239                                                 Tenafly, NJ 07670
(212) 267-0011               Fax (646) 435-9434                         (201) 569-8811

Please direct all correspondence to the New York office.

November 6, 2012

Hon. Cathy Seibel
United States District Court, Southern District of New York
300 Quarropas Street, Room 621
White Plains, NY 10601-4150

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-14-12

Attn: Hon. Cathy Seibel

  Re:     Chris Ryder v. True Value Hardware, True Value Hardware Company,
          National, Lux Products, Inc., Village Hardware, Inc., C.P.C. Logistics,
          Inc., Orbit/EME Manufacturing, Inc., Penske Truck Leasing, Inc.,
          Microchip Technology, Inc. and True Value Distribution, Inc.
  Docket No.: 7:12-CV-6875

Dear Hon. Seibel:

      We represent Lux Products, Inc. (hereinafter "Lux") in the above captioned action. We respectfully submit this letter pursuant to this Court's order in opposition to the request of the defendant Microchip Technology Inc. (hereinafter "Microchip") for a pre-motion conference seeking leave to file a motion to dismiss for failure to state a claim upon which relief can be granted.

      As the court may recall, the plaintiff is asserting various claims of product liability against the defendants collectively. However, the codefendant Microchip misrepresents the allegations in the complaint. More specifically, Microchip alleges that the plaintiff definitively states that the failure of the thermostat in question was caused by a fraudulent microchip inside the thermostat. That is not the case. In fact, the plaintiff is merely alleging that the microchip inside the thermostat failed and that it is possible that it was a counterfeit chip installed by the manufacturer, EME Nevada. The reality is that the plaintiff does not state definitively whether or not the chip is a genuine Microchip product or a counterfeit one.

      As such, at a minimum, there needs to be discovery in this case to determine what caused the thermostat to allegedly fail, why it allegedly failed, and what entity would or would not be responsible for such failure. Based on the allegations in the complaint, Microchip either provided the chip that controlled the thermostat in question, or EME Nevada used a counterfeit chip. The answer to this question cannot be known without discovery. Therefore, the request of Microchip for permission to file a motion for summary judgment is clearly premature.

Page 2 of 2
November 6, 2012

  Furthermore, the plaintiff is acting as his own attorney and it is more than evident that his skill in properly wording a pleading is not that of an admitted attorney. As such, wide latitude should be granted the plaintiff in his attempts to properly state a cause of action at this time. In the alternative, it would be more proper to require the plaintiff to serve an amended complaint as opposed to dismissing claims against potentially liable parties.

  Accordingly, we respectfully request that Microchip's application for a pre-motion conference be denied.

  Thank you for your prompt attention to this matter. If you have any questions or comments, please do not hesitate to contact the undersigned.

        Very truly yours,

        SHAFER GLAZER LLP

        *David A. Glazer*
        DAVID A. GLAZER
        Direct Dial: (646) 435-9437

cc: Chris Ryder
   Box 4702
   Glenville, CT 06811

   Ms. Beth D. Simon
   Anderson Kill & Olick, P.C.
   1251 Avenue of the Americas
   New York, NY 10020

   Mr. James M. Skelly
   Marks, O'Neill, O'Brien & Courtney, P.C.
   530 Saw Mill River Road
   Elmsford, NY 10523

   Ms. Tonia Ouellette Klausner
   Wilson Sonsini Goodrich & Rosati
   1301 Avenue of the Americasa, 40th Floor
   New York, NY 10019-6022

DAG/ac
21389.doc