UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHRIS RYDER, an individual,

       Plaintiff(s),

    -against-

TRUE VALUE HARDWARE, INC., TRUE VALUE
HARDWARE COMPANY, NATIONAL, LUX
PRODUCTS, INC., VILLAGE HARDWARE, INC.,
C.P.C. LOGISTICS, INC., ORBIT/EME
MANUFACTURING, INC., PENSKE TRUCK
LEASING, INC., MICROCHIP TECHNOLOGY, INC.
and TRUE VALUE DISTRIBUTION, INC.,

       Defendant(s).
-------------------------------------------------------------------X

**<u>VERIFIED ANSWER</u>**

Civil Action Number:
12CV-06875-CS

Judge:  Hon. Cathy Seibel,
U.S.D.J.

   The defendant(s), C.P.C. LOGISTICS, INC., by attorneys, the Law Offices of

Alan I. Lamer, as and for an answer to the complaint of the plaintiff(s) herein,

respectfully alleges upon information and belief:

1. Denies the first unnumbered paragraph(s) of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations

  contained in paragraph(s) 4, 5, 6, 7 and 8 of the complaint.

## <u>GENERAL FACTUAL ALLEGATIONS</u>

3. Repeats the admissions and denials to the paragraph(s) of the complaint

  repeated and realleged in paragraph(s) 9 of the complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations

  contained in paragraph(s) 11, 12, 13 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26,

  27, 28, 29 and 30 of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations

  contained in paragraph(s) 10, 14 and 15 of the complaint and respectfully refers

all questions of law to the court.

## CAUSES OF ACTION

### Count One – First Basis of Liability

6. Denies each and every allegation set forth in paragraph(s) 31, insofar as they relate to defendant(s), C.P.C. LOGISTICS, INC. and denies knowledge or information sufficient to form a belief as to the allegations as to the remaining defendants

### Count Two – Second Basis of Liability

7. Denies each and every allegation set forth in paragraph(s) 32, insofar as they relate to defendant(s), C.P.C. LOGISTICS, INC. and denies knowledge or information sufficient to form a belief as to the allegations as to the remaining defendants

### Count Three – Third Basis of Liability

8. Denies each and every allegation set forth in paragraph(s) 33, insofar as they relate to defendant(s), C.P.C. LOGISTICS, INC. and denies knowledge or information sufficient to form a belief as to the allegations as to the remaining defendants

### Count Four – Fourth Basis of Liability

9. Denies each and every allegation set forth in paragraph(s) 34, insofar as they relate to defendant(s), C.P.C. LOGISTICS, INC. and denies knowledge or information sufficient to form a belief as to the allegations as to the remaining defendants.

### Count Five – Fifth Basis of Liability

10. Denies each and every allegation set forth in paragraph(s) 35, insofar as they

relate to defendant(s), C.P.C. LOGISTICS, INC. and denies knowledge or information sufficient to form a belief as to the allegations as to the remaining defendants

### Count Six – Sixth Basis of Liability

11. Denies each and every allegation set forth in paragraph(s) 36, insofar as they relate to defendant(s), C.P.C. LOGISTICS, INC. and denies knowledge or information sufficient to form a belief as to the allegations as to the remaining defendants

### Conduct Supporting Exemplary Damages

12. Repeats the admissions and denials to the paragraph(s) 1 through 11 of the complaint repeated and realleged in paragraph(s) 12 designated as of the complaint.

### Prayer for Relief:  Damages

13. Denies paragraph(s) 38 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the plaintiff's complaint fails to state facts sufficient to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the plaintiff(s) received remuneration and/or compensation for some or all of his claimed economic loss and that the defendant is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the liability of the defendant, CPC LOGISTICS, INC., if any, does not exceed fifty percent (50%) of the liability assigned to all persons and that the liability of the defendant, CPC LOGISTICS, INC., if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the plaintiff(s) failed to mitigate plaintiff's damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That the plaintiff(s) is not entitled to the relief requested in the cause of action as against the defendant, C.P.C. LOGISTICS, INC., as designated in the Complaint, as there is no privity of contract between the plaintiff(s) and defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That the product which is alleged to be the source of plaintiff's injury is a commercial product intended for use by persons with special knowledge of the potential hazards of its use, which persons as learned intermediaries in fact had or should have had special knowledge of the use of said product, and upon whose special knowledge the defendant, C.P.C. LOGISTICS, INC., justifiably relied.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That when the product left the hands of defendant, C.P.C. LOGISTICS, INC., it was safe and if it was not safe at the time of the plaintiff's accident, it was modified by another party not under this defendant's direction or control.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

That if plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by actions or omissions of

another or others over whom the answering defendant is not responsible, and whose conduct the defendant had no duty or reason to anticipate or control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

That plaintiff's injuries, if any, were proximately caused by an unforeseeable, unanticipated, independent, intervening and/or superseding event beyond the control and unrelated to any conduct of the answering defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

C.P.C. LOGISTICS, INC., was neither a distributor, wholesaler or retailer and therefore, some, if not all, causes of action should be dismissed.

## AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST THE CO-DEFENDANT(S), TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC., THE DEFENDANT(S), C.P.C. LOGISTICS, INC., ALLEGES:

That any injuries and damages sustained by the plaintiff(s) herein as a result of the alleged incident described in the plaintiff's Complaint were sustained in whole or in part by reason of the negligence or other breach of duty on the part of the co-defendants, TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC..

That if it is determined that the defendant, C.P.C. LOGISTICS, INC., is liable in any degree to the plaintiff(s), whether because of negligence, by operation of law or any

other reason, the defendant, C.P.C. LOGISTICS, INC., is entitled to have the liability apportioned among and between the defendants by way of contribution and/or is entitled to be indemnified by one or more of said co-defendants.

### AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION AGAINST THE CO-DEFENDANT(S), TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC.. THE DEFENDANT(S), C.P.C. LOGISTICS, INC., ALLEGES:

That on or before January 29, 2012, the defendant, C.P.C. LOGISTICS, INC., entered into an agreement with co-defendant(s), TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC., whereby said co-defendant(s) agreed to indemnify and hold defendant harmless in the event any suit or claim for personal injuries, property damage and/or wrongful death was made as a result of the work being done pursuant to said agreement.

That said agreement was in full force and effect on January 29, 2012.

That the claims being made by the plaintiff(s) herein, if true, will entitle the defendant, C.P.C. LOGISTICS, INC., to be indemnified and held harmless as aforesaid.

<u>**AS AND FOR A CROSS-CLAIM FOR**</u>
<u>**INDEMNIFICATION AGAINST THE CO-**</u>
<u>**DEFENDANT(S), TRUE VALUE HARDWARE, INC.,**</u>
<u>**TRUE VALUE HARDWARE COMPANY, NATIONAL,**</u>
<u>**LUX PRODUCTS, INC., VILLAGE HARDWARE,**</u>
<u>**INC., ORBIT/EME MANUFACTURING, INC.,**</u>
<u>**PENSKE TRUCK LEASING, INC., MICROCHIP**</u>
<u>**TECHNOLOGY, INC. and TRUE VALUE**</u>
<u>**DISTRIBUTION, INC., THE DEFENDANT, C.P.C.**</u>
<u>**LOGISTICS, INC., ALLEGES:**</u>

That on or before January 29, 2012, the defendant(s), C.P.C. LOGISTICS, INC., entered into an agreement with the co-defendant(s), TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC., whereby said co-defendant(s) agreed to purchase insurance providing coverage for the defendant(s), C.P.C. LOGISTICS, INC., for part or all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on January 29, 2012.

That the co-defendant(s) failed to provide such insurance as required by the said agreement.

That, therefore, the co-defendant(s) is liable to the defendant(s), C.P.C. LOGISTICS, INC., to the extent of any such insurance coverage which should have been purchased to protect the defendant(s), C.P.C. LOGISTICS, INC., in the event that any recovery is had against the answering defendant(s).

## AS AND FOR A CROSS-CLAIM FOR INDEMNIFICATION FOR BREACH OF INSURANCE PROCUREMENT PROVISION AGAINST THE CO-DEFENDANT(S), TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC., THE PARTY DEFENDANT, C.P.C. LOGISTICS, INC., ALLEGES:

That on or before January 29, 2012, the defendant(s), C.P.C. LOGISTICS, INC., entered into an agreement with the co-defendant(s), TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC. whereby said co-defendant(s) agreed to purchase and maintain insurance providing coverage for the defendant(s), C.P.C. LOGISTICS, INC., for part or all of the loss or injury claimed by the plaintiff herein.

That said agreement was in full force and effect on and before January 29, 2012.

That the co-defendant(s) failed to provide and maintain such insurance as required by the said agreement.

That, therefore, the co-defendant(s) is liable to the defendant(s), C.P.C. LOGISTICS, INC., to the extent of any such insurance coverage which should have been purchased and maintained to protect the defendant(s), C.P.C. LOGISTICS, INC., in the event that any recovery is had against the answering defendant(s).

WHEREFORE, the defendant, C.P.C. LOGISTICS, INC., demands judgment dismissing the Complaint of the plaintiff(s) herein with costs and further demands judgment pursuant to Section 3019b and Article 14 of the CPLR, that the ultimate rights

of the defendant(s), C.P.C. LOGISTICS, INC., and the co-defendants, TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC., be determined as between themselves in that the defendant(s), C.P.C. LOGISTICS, INC., have judgment over and against the co-defendants, TRUE VALUE HARDWARE, INC., TRUE VALUE HARDWARE COMPANY, NATIONAL, LUX PRODUCTS, INC., VILLAGE HARDWARE, INC., ORBIT/EME MANUFACTURING, INC., PENSKE TRUCK LEASING, INC., MICROCHIP TECHNOLOGY, INC. and TRUE VALUE DISTRIBUTION, INC., for indemnification and/or contribution in whole or in part, for the amount of any sum which may be recovered herein against the defendant(s), C.P.C. LOGISTICS, INC., together with attorneys' fees and the costs and disbursements of this action.

Dated: Elmsford, New York
      November 15, 2012

Yours etc.,

LAW OFFICES OF
ALAN I. LAMER

By:____s/_____
    Lisa L. Gollihue (9212)
    Lisa.gollihue@chartisinsurance.com
    Attorneys for Defendant
    C.P.C. LOGISTICS, INC.
    555 Taxter Road
    Elmsford, New York 10523
    (914) 785-5300
    Our File #: NYTT- 09555

TO:

Chris Ryder
Pro Se Plaintiff
Box 4702
Glenville, Connecticut 06831
(718) 587-7211

Shafer Glazer, LLP
Attorneys for Defendant
LUX PRODUCTS, INC.
90 John Street, 6th Floor
New York, New York 10038
(212) 267-0011

Marks, O'Neill, O'Brien & Courtney, P.C.
Attorneys for Defendant
ORBIT/EME MANUFACTURING, INC.
530 Saw Mill River Road
Elmsford, New  York10523
(914) 345-3701

Wilson, Sonsini, Goodrich & Rosati, Esqs.
Attorneys for Defendant
MICROCHIP TECHNOLOGY, INC.
1301 Avenue of the Americas
New York, New York 10019
(212) 999-5800

L:\LGO0\09555\Legal\12 CV 06875 ANSWER OF CPC 121113.doc